UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIANNA KRSTIC,<br>    Plaintiff,<br><br>v.<br><br>SOFREGEN MEDICAL INC., and<br>ALLERGAN, INC.<br>    Defendants. | Civil Action No. 1:18-cv-11585-NMG |

### PLAINTIFF'S MOTION TO ALTER, AMEND AND VACATE THE DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1), (6) and MOTION FOR LEAVE TO AMEND THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15 (a)(2)

Plaintiff and Defendant Sofregen Medical, Inc. ("Sofregen") have been engaged in discussions concerning dismissal of this matter during the time the motion to dismiss was filed. Plaintiff asked for confidential documentation that supported Sofregen's position that Allergan had retained liabilities for the product after the sale of the product to Sofregen in November 2016. Sofregen could not or would not produce those materials and Allergan interposed an objection through a letter by counsel. As a consequence, Defendant Sofregen agreed not to seek to dismiss the case through April 11, 2019, so that Plaintiff could oppose Sofregen's Rule 12(b)(6) motion. However, due to attorney office mistake, a stipulation and/or leave to file a delayed response to extend the time to respond until April 11, 2019, was not filed with the Court. Therefore, Plaintiff respectfully seeks to vacate the

1706503.1

Order of dismissal dated April 8, 2019, and respectfully seeks to reinstate the case and moves for leave to file the Second Amended Complaint which is attached as an Exhibit to the Memorandum of Law in Support of Plaintiff's Motion to Alter, Amend and Vacate the Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) and Motion for Leave to Amend the Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) as **Exhibit C**.

Further, during the time period the Motion to Dismiss was pending, Defendant Allergan did not respond to the Complaint per an agreement with Plaintiff because settlement discussions have been underway between Allergan and Plaintiff. Plaintiff has produced thousands of pages of medical records to both Allergan and Sofregan and a detailed demand letter in an attempt to resolve this matter. Allergan's counsel then requested additional records, which Plaintiff supplied.

Dismissal of the case at this stage is not warranted. First, Sofregen has agreed to the delay in Plaintiff's response to its Motion to Dismiss. Second, Plaintiff has addressed the issue in the Motion to Dismiss and believes a corrected Second Amended Complaint will address one of the defects that Sofregen brings to the Court.

There is no basis upon which to dismiss the Complaint as to Allergan. To date, Allergan has not responded to the Complaint since it has been engaging in settlement discussions with Plaintiff

Further, Plaintiff opposes Defendant Sofregen's Motion to Dismiss pursuant to Rule 12(b)(6) for the reasons set forth in the accompanying Memorandum of Law and respectfully seeks Leave to Amend her Complaint pursuant to Rule 15(a)(2). Plaintiff attaches her proposed Second Amended Complaint to the Memorandum of Law in Support of Plaintiff's Motion to Alter, Amend and Vacate the Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) and Motion for Leave to Amend the Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) as **Exhibit C**.

For all the reasons as set forth in the accompanying Memorandum of Law, Plaintiff respectfully requests that this Court deny vacate the Order of Dismissal dated April 8, 2019 pursuant to Rule 60(1) and (6), Deny Sofregen's Rule 12(b)(6) Motion to Dismiss and Grant Plaintiff's Rule 15(a)(2) Motion for Leave to file the Second Amended Complaint.

Plaintiff respectfully requests oral argument as to this matter.

                                            GIANNA KRSTIC,
                                            By Her Attorney,

Dated:    April 10, 2019          */s/ Paula S. Bliss*
                                            Paula Bliss
                                            BERNHEIM DOLINSKY KELLEY LLC
                                            Four Court Street
                                            Plymouth, MA 02360
                                            T: (617) 963-7995
                                            F: (617) 963-7996
                                            Email: pbliss@duejustice.com

Donna H. Clancy (*pro hac vice forthcoming*)
CLANCY LAW
40 Wall Street
New York, NY
T: ((212) 747-1763
F: (212) 747-1763

Wendy R. Fleishman (*pro hac vice forthcoming*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
T:  (212) 355-9500
F:  (212) 355-9592

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2019.

*/s/ Paula S. Bliss*