**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GIANNA KRSTIC,<br><br>      Plaintiff,<br><br>v.<br><br>SOFREGEN MEDICAL, INC., and<br>ALLERGAN, INC.,<br><br>      Defendants. | Civil Action No. 1:18-cv-11585-NMG |

## DEFENDANT SOFREGEN'S OPPOSITION TO PLAINTIFF'S MOTIONS TO VACATE DISMISSAL AND FOR LEAVE TO AMEND THE COMPLAINT

Despite failing to timely respond to defendant Sofregen's Rule 12(b)(6) motion, Plaintiff now seeks to have this Court's judgment of dismissal vacated without providing any justification for this extraordinary remedy.[1] Critically, Plaintiff fails to advance any reasonable excuse for her lack of response to Sofregen's motion to dismiss. Plaintiff's assertion that Sofregen "agreed not to interpose an objection or seek to dismiss the case until after April 11, 2019" is wholeheartedly incorrect; there has never been such an agreement. Rather, Plaintiff's counsel admits that her inaction was due to her own mistake and thus, cannot support the relief of vacation on the grounds of excusable neglect.

Regardless of Plaintiff's mistake, Plaintiff still cannot identify facts contained within her amended complaint which overcome Sofregen's corporate successorship immunity. Therefore,

---

[1] Plaintiff has voluntarily dismissed her claim of violation of G.L. c. 93A, §§ 2, 9 (*Count V*). (Pl.'s Memo, at pp. 19-20). Additionally, Plaintiff has stated that Plaintiff's claim of negligence (*Count I*), claim of breach of implied warranty of merchantability (*Count II*), and claim of breach of implied warranty of fitness for a particular purpose (*Count IV*) are "directed at Allergan" only. (Pl.'s Memo, at p. 6). Plaintiff, therefore, apparently only seeks to vacate the Court's dismissal of her claim of fraudulent concealment (*Count III*) as to Sofregen. (Pl.'s Memo, at p. 6). However, because Sofregen is unable to discern Plaintiff's theory of recovery or specific requested relief, Sofregen addresses each of Plaintiff's claims in turn to oppose Plaintiff's motion to vacate.

Plaintiff fails to meet a prerequisite to vacation – showing that granting the instant motion will not be an empty exercise. Indeed, Plaintiff admits she cannot show the merits of her underlying claims at the pleading stage. Accordingly, Plaintiff has entirely failed to set forth any grounds for relief pursuant to Fed. R. Civ. P. 60(b), and her motion to vacate the judgment should be denied.

In the alternative, Plaintiff seeks to vacate the order of dismissal by requesting leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff's proposed second amended complaint is nearly identical to Plaintiff's two previous complaints, and similarly shrouds any viable theory of liability as to Sofregen in mystery. Plaintiff's proposed amendments provide only the same collection of formulaic recitations and legal conclusions masked by new articulations. As Plaintiff's proposed second amended complaint fails to state a claim against Sofregen, Plaintiff's request for leave to amend should be denied as futile. For these reasons, as more particularly described below, this Court should deny Plaintiff's Rule 60(b) motion and Plaintiff's Rule 15(a)(2) motion.

## BACKGROUND

On January 31, 2019, Sofregen filed a motion to dismiss for failure to state a claim, as well as an accompanying memorandum of law, which Sofregen incorporates by reference herein.[2] [Dkt. Nos. 11-12]. Plaintiff failed to file an opposition to the motion to dismiss as required by Massachusetts District Court Local Rules 7.1(b)(2) and 1.3. On April 8, 2019, this Court allowed Sofregen's motion to dismiss for failure to state a claim and entered judgment dismissing Plaintiff's amended complaint against Sofregen. [Dkt. Nos. 13-14].

---

[2] Sofregen incorporates by reference herein its memorandum of law in support of its motion to dismiss, including its summary of Plaintiff's factual allegations. Plaintiff asserted in her amended complaint, that all her alleged injuries occurred prior to the date Sofregen purchased SERI® from Allergan. Because the liabilities of the selling predecessor corporation Allergan regarding SERI® are not imposed upon the purchasing successor corporation Sofregen pursuant to the common law rule of corporate successorship immunity, Plaintiff fails to state a claim upon which relief can be granted. For this, and the other reasons stated within Sofregen's memorandum of law in support of its motion to dismiss, Plaintiff's claims against Sofregen must remain dismissed.

On April 10, 2019, Plaintiff filed the instant motion seeking to vacate the dismissal. [Dkt. No. 15]. As a primary justification for vacation of this Court's order, Plaintiff avers that Sofregen, by and through its attorneys, "agreed not to interpose an objection or seek to dismiss the case until after April 11, 2019[.]" (04/10/19 Declaration of Paula Bliss ("04/10/19 Bliss Decl."), at ¶ 4 [Dkt. No. 16-1]). As evidenced by the attached affidavit from undersigned counsel and the accompanying email correspondence, the parties expressly rejected such an agreement. (04/23/19 Declaration of Shea A. Miller ("04/23/19 Miller Decl."), at ¶¶ 12-16). During each of the parties' communications, Sofregen reminded Plaintiff that its motion to dismiss remained pending before this Court. (04/23/19 Miller Decl., at ¶¶ 5-7, 10, 13, 15). While Sofregen expressed that it would not oppose a request by Plaintiff for leave of court to file an untimely response, Sofregen explicitly refused to stipulate to Plaintiff's proposed extension. (04/23/19 Miller Decl., at ¶ 15). On March 22, 2019, after acknowledging Sofregen's rejection of the proposed extension, Plaintiff then stated an intent to file her late opposition by March 28, 2019 or sometime shortly after. (04/23/19 Miller Decl., at ¶ 16). However, Plaintiff ultimately failed to notify the Court of her intention to oppose and this Court properly dismissed Plaintiff's claims as to Sofregen. Plaintiff now admits that her failure to respond was, in part, "due to attorney office mistake[.]" (Plaintiff's Memorandum of Law ("Pl.'s Memo"), at p. 2 [Dkt. No. 16]).

## ARGUMENT IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE

### I.   RULE 60(b) STANDARD

A party seeking recourse under Rule 60(b) must first persuade the trial court, that she has satisfied all three of the following prerequisites: "(1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the moving party." *In re Sarner*, No. 10-17487, 2010 WL

365504, at *1 (Bankr. D. Mass. Sept. 8, 2010) (quoting *In re Air South Airlines, Inc.*, 249 B.R. 112, 115-16 (Bankr. D.S.C. 2000)). The moving party must next satisfy one of the six enumerated grounds for relief expressly set forth in Rule 60(b). *See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20-21 (1st Cir. 1992). A Rule 60(b) motion is "committed to the district court's sound discretion." *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 100 (1st Cir. 2003). Further, to succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Id.* The burden is on the moving party to meet this exacting standard. *See Am. & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980, 983 (1st Cir. 1978).

In the instant motion, Plaintiff relies on only two grounds: subsections (b)(1) and (b)(6). (Pl.'s Memo, at p. 6). Rule 60(b)(1) allows a court to grant relief due to "mistake, inadvertence, surprise, or excusable neglect," and subsection 60(b)(6) is considered a catch-all provision which allows a court to grant a such a request for "any other reason that justifies relief." Neither grounds are applicable here. Independent of Plaintiff's lack of justification to vacate this Court's order of dismissal, Plaintiff does not meet her burden to establish the prerequisite that her underlying claims are likely to succeed on the merits. Accordingly, Plaintiff's motion to vacate should be denied.

## II.   THE "MERITORIOUS DEFENSE" PREREQUISITE IS NOT MET

Relief under Rule 60(b) is "extraordinary in nature and is therefore granted sparingly." *Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir. 2003) (per curiam) (quoting *Karak v. Bursaw Oil Co.*, 288 F.3d 15, 19 (1st Cir. 2003) (quotations omitted)). A prerequisite to a successful Rule 60(b) motion is a showing by the moving party that "granting the motion will not be an empty exercise by demonstrating that the underlying claim for relief is likely to succeed on the merits." *Caisse*, 346 F.3d at 215 (citations and quotations omitted); *see also Teamsters*, 953 F.2d at 20

(upholding District Court's denial of plaintiff's Rule 60(b) motion where plaintiff did not "make any allusion to the viability of its underlying suit").

This Court's grant of Sofregen's motion to dismiss was proper. Even assuming all allegations as true, Allergan was the only identified defendant with any connection to Plaintiff during all times relevant to her claims. As to Sofregen, Plaintiff failed to allege any applicable exceptions to the established common-law rule stating that a corporation that purchases the assets of another corporation "is not liable for the seller's debts and liabilities of the transferrer, including those arising out of the former's tortious conduct." *Fehl v. S.W.C. Corp.*, 433 F. Supp. 939, 945 (D. Del. 1977); *accord Fountain v. Colonial Chevrolet Co.*, No. 85C-DE-88 (VAB), 1988 WL 40019, at *7 (Del. Super. Ct. Apr. 13, 1988). In her motion to vacate, Plaintiff still does not identify an exception which could pierce Sofregen's corporate successorship immunity. Rather, Plaintiff's argument for vacation relies on the mere speculation and legal conclusions this Court already deemed insufficient to survive dismissal. As Plaintiff, by her own admission, cannot plead facts to state a claim upon which relief can be granted, Plaintiff's motion to vacate should be denied for lack of merit.

### A.    Plaintiff Cannot Rely on Speculation to Satisfy the Pleading Standard

In the instant matter, Plaintiff has not even claimed, much less tried to demonstrate that any opposition to Sofregen's motion to dismiss is likely to succeed on the merits. In fact, Plaintiff admits that "without discovery, Plaintiff cannot represent more facts[]" to overcome Sofregen's corporate successorship immunity. (Pl.'s Memo, at p. 14). However, "the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations." *McGovern Physical Therapy Associates, LLC v. Metropolitan Property & Cas. Ins. Co.*, 802 F. Supp. 2d 306, 310 (D. Mass. 2011) (quoting *DM Research, Inc. v. Coll. of Am. Pathologists*, 170

F.3d 53, 56 (1st Cir. 1999)). While the pleading standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 178-79. Plaintiff concedes she has only legal conclusions and speculative beliefs. Therefore, this Court properly dismissed Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's contention that the issue is "premature" does not excuse her Rule 8(a) and Rule 9(b) obligation because the *Twombly-Iqbal* requirements are necessary to avoid unjustifiably imposing the heavy burdens of discovery on litigants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[I]t is one thing to be cautious before dismissing an [] complaint in advance of discovery, but quite another to forget that proceeding to [] discovery can be expensive."). As such, "[t]he mere possibility that information disclosed during discovery may show a basis for liability cannot act as a substitute for sufficiently pleaded factual allegations." *Ward v. Auerbach*, No. 16-12543 (FDS), 2017 WL 2724938, at *7 (D. Mass. June 23, 2017); *see also DM Research, Inc.*, 170 F.3d at 55 ("[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.").

Here, Plaintiff admits that she cannot plausibly allege a factual basis for her claims against Sofregen and instead hopes to rely on discovery to support her deficient pleadings. By failing to aver facts supporting her legal conclusion and speculative belief that Sofregen is Allergan's successor in interest, her amended complaint failed to state a claim. Plaintiff's unsubstantiated insistence that discovery will eventually lead to factual support for her claims does not overcome dismissal. Under the Rule 12(b)(6) standard, such an argument only further supports this Court's order and it certainly does not suggest any merit to her claims. Additionally, for the reasons stated

in Sofregen's motion to dismiss, Plaintiff's claim of fraudulent concealment was also properly dismissed for failing to satisfy the heightened particularity standard of Fed. R. Civ. P. 9(b).[3] Vacation is therefore, improper.

**B.    Plaintiff's Underlying Claims Against Sofregen are Meritless**

In the First Circuit, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 146 (1st Cir. 2004) (quoting *Vega–Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003)). As the Court already dismissed Plaintiff's claims following review of her first amended complaint, Plaintiff is now limited to "challenging the court's decision as a manifest error of law." *Pomerleau*, 362 F.3d at 147 n.2. Plaintiff has not and cannot identify any clear error in the Court's order.

Rather, Plaintiff primarily asserts new legal arguments to show the merit of her claims. (Pl.'s Memo, at pp. 13-19). To the extent that these arguments were not included within the scope of Sofregen's motion to dismiss, they should not be considered in deciding Plaintiff's Rule 60(b) motion. *See id.* However, Sofregen responds to Plaintiff's arguments to highlight the lack of viability of Plaintiff's claims. Thus, even considering Plaintiff's novel arguments, Plaintiff cannot assert a meritorious claim against Sofregen and Plaintiff's motion to vacate must be denied.

1.    <u>Both Delaware and Massachusetts expressly reject the "product line" exception to corporate successorship immunity.</u>

Recognizing that she is unable to plead a valid exception to the bar against corporate successor liability, Plaintiff erroneously argues that additional exceptions may exist which could permit her claims to survive dismissal. (Pl.'s Memo, at pp. 12-13). However, even under the

---

[3] Plaintiff seems to implicitly admit the deficiencies of her fraud claim by seeking to amend on this issue. For the reasons stated *infra*, Plaintiff's proposed second amended complaint still fails to state a claim of fraud against Sofregen.

Plaintiff's proffered choice-of-law analysis, no such exception is applicable to the instant case.[4] Indeed, Massachusetts law has specifically considered and rejected the "product line" exception to the general rule that asset-purchasing successor corporations are not liable for the conduct of the asset seller. *See Guzman v. MRM/Elgin*, 409 Mass. 563, 569 (1991); *accord Chubb Nat'l Ins. Co. v. Watts Regulator Co.*, 258 F. Supp. 3d 212, 215 (D. Mass. 2017). In doing so, the Supreme Judicial Court explicitly addressed the policy inherent to Plaintiff's assertion that Sofregen's corporate successorship immunity must be pierced – furthering the interest of persons seeking compensation for injuries caused by the product of others. *See Guzman*, 409 Mass. at 567-68. But the *Guzman Court* determined other policies and interests – *e.g.* avoiding the imposition of liability on those without fault; the need for predictable corporate transactions; and the potential adverse effects of the product line exceptions on small corporations and the economy in general – substantially outweighed any proposed benefit. *Id.* at 568-69. Furthermore, the Supreme Judicial Court noted that a significant majority of states to consider the product line exception rejected it for the same policy reasons. *Id.* at 567. Accordingly, Plaintiff cannot rely on the exceptions of a minority of jurisdictions to show the merit of her legally deficient claims.

2.   <u>Plaintiff cannot show causation for Sofregen's alleged failure to warn or fraudulent concealment.</u>

To establish strict liability for failure to warn under Florida law, Plaintiff must plausibly allege that Sofregen "(a) is a manufacturer or distributor of the product at issue, and (b) did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the manufacture and distribution." *Witt v. Stryker Corp. of Michigan*, 648 Fed. Appx. 867, 871 (11th

---

[4] As Plaintiff correctly pointed out, both Massachusetts and Delaware adopt the same exceptions to corporate successorship immunity. *See Fehl*, 433 F. Supp. at 946-47. While Sofregen disputes plaintiff's choice-of-law analysis, Plaintiff's claims remain unviable.

Cir. 2016) (citing *Griffin v. Kia Motors Corp.*, 843 So.2d 336, 339 (Fla. 1st DCA 2003)). This Court properly dismissed Plaintiff's warning claim because she "fail[ed] to identify what risks [Defendant] actually warned of . . . and exactly how those warnings should have been rewritten to avoid any alleged inaccuracy." *Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826 (KMM), 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016). Plaintiff is still unable to allege a causal relationship to Sofregen, because, as Plaintiff admits, Sofregen did not purchase SERI® from Allergan until after Plaintiff underwent all surgeries at issue. Plaintiff has not, and cannot, explain how any alleged acts or omissions by Sofregen following the purchase of SERI® are causally related to her surgeries performed nearly two years prior.

Plaintiff's theory of liability based on fraudulent concealment suffers the same causal defect. Under Florida law, the elements of fraudulent concealment are the same as the elements of common law fraud and negligent misrepresentation, and include: "(1) a misrepresentation of material fact or suppression of the truth; (2) [a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either the truth or falsity, or [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation." *Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003) (citing *Jones v. General Motors Corp.*, 24 F. Supp. 2d 1335, 1339 (M.D. Fla. 1998)) (internal citation omitted). Florida law also "requires a party asserting fraud to establish that, but for the alleged misrepresentation or nondisclosure, the party would not have entered the transaction." *Humana, Inc. v. Castillo*, 728 So.2d 261, 265 (Fla. 2d DCA 1999) (citing *Morgan v. Canaveral Port Authority*, 202 So.2d 884 (Fla. 4th DCA 1967)). Sofregen struggles to

understand how Plaintiff can plausibly assert that: but for alleged fraud by Sofregen in 2016, she would not have agreed to undergo total breast augmentation surgery in 2014 or corrective surgery in 2015. Thus, Plaintiff cannot meet her burden to justify vacation of the order of dismissal as to Sofregen because she still cannot demonstrate that Sofregen caused any of her alleged injuries.

Ultimately, Plaintiff's motion to vacate lacks any actual showing that, if her Rule 60(b) were to be granted, she would have any chance of defeating Sofregen's motion to dismiss on substantive grounds. In light of Plaintiff's numerous deficiencies within her pleadings, Plaintiff cannot prevail on the merits. The First Circuit has upheld denial of motions to vacate on these grounds alone. *See, e.g.*, *Teamsters*, 953 F.2d at 20. The instant motion should be denied as well.

## II.   PLAINTIFF FAILS TO MEET THE STANDARD FOR EXCUSABLE NEGLECT

To refer to Plaintiff's justification for her Rule 60(b) motion as flimsy is generous. Even if a meritorious defense exists – and it does not – Plaintiff's motion to vacate also fails because an unreasonable belief that pending dismissal would be stayed does not meet the standard for "excusable neglect." The applicable Rules are Rule 60(b), discussed above, and Rule 6(b), which governs extensions of time. The relevant portion of Rule 6(b)(1)(B) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B).

The applicable analysis for determining whether attorney carelessness amounts to "excusable neglect" is identical under both Rule 60(b) and Rule 6(b)(1)(B). *See United States v. $23,000 in United States Currency*, 356 F.3d 157, 164 n.7 (1st Cir. 2004). Simply put, "excusable neglect" is "a demanding standard." *Id.* at 164. The First Circuit Court of Appeals has repeatedly concluded that counsels' inattention to court rules or carelessness in meeting deadlines does *not*

amount to excusable neglect. *See Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005); *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6-7 (1st Cir. 2001). In *Dimmitt*, the First Circuit held that even where the plaintiff claimed that an 18 day delay evidenced no bad faith and did not prejudice the defendant, plaintiff counsel's admission that the improper (and consequently late) filing was "based upon inexperience with the requirements of the District Court and unfamiliarity with the local rules," did not meet the requisite standard for "excusable neglect." 407 F.3d at 23-24 (citations omitted) (observing that "counsels' inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute "excusable neglect"); *see also de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994) (fact that appellant's attorney was "preoccupied" with other matters did not constitute excusable neglect).

Plaintiff's motion fails to set forth any justifiable grounds for vacating the dismissal. Rather, it is clear that Plaintiff's motion seeks to do exactly what is forbidden by a Rule 60 motion; namely, "undo [her] own procedural failure[]" of never responding to Sofregen's motion to dismiss. *Fabrica de Muebles J.J. Alvarez, Inc. v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012). The First Circuit has made it abundantly clear that post-judgment motions under Rule 60 cannot be used for this purpose. *See id.* The only purported justification provided by Plaintiff for failing to oppose to Sofregen's motion to dismiss is the incorrect assertion that "Sofregen's Counsel agreed not to interpose an objection or seek to dismiss the case until after April 11, 2019[.]" (04/10/19 Bliss Decl., at ¶ 4). No statement from Sofregen could support such a belief. (04/23/19 Miller Decl., at ¶¶ 5-7, 10, 13, 15).

As Plaintiff is aware – based on unambiguous email correspondence – Sofregen never agreed to stay or withdraw its motion. In fact, the pendency of the motion was discussed during

each communication. (04/23/19 Miller Decl., at ¶¶ 5-7, 9-16). As of March 19, 2019, Plaintiff knew and understood that Sofregen's motion remained ripe for adjudication, as she requested Sofregen join a stipulation for an extension of time to respond. (04/23/19 Miller Decl., at ¶ 14). On March 20, 2019, Sofregen unambiguously rejected Plaintiff's request. (04/23/19 Miller Decl., at ¶ 15). That rejection should have placed Plaintiff on notice that Sofregen continued to seek dismissal of the claims against it.

On March 20, 2019, Sofregen did agree to permit Plaintiff to file a request for leave of court without opposition. (04/23/19 Miller Decl., at ¶ 15). However, permission to file an unopposed request for leave is wholly distinct from a representation that Sofregen no longer sought dismissal of Plaintiff's claims. Plaintiff appears to have understood this distinction, because her last communication to Sofregen was a stated intention to file an opposition on March 28, 2019. (04/23/19 Miller Decl., at ¶ 16). Had Plaintiff believed that Sofregen withdrew its motion, Plaintiff would not have asked for a date-certain to oppose. As there was no further communication between the parties, Plaintiff, therefore, has no basis to assert that Sofregen expressly or implicitly agreed to withdraw or stay the now granted motion to dismiss. (04/23/19 Miller Decl., at ¶ 16).

In spite of her stated intention to file responsive documents on March 28, 2019, Plaintiff never did so. As far as Sofregen is aware, Plaintiff never made any communications with the Court from the date Sofregen filed its motion until the date the Court entered dismissal. Accordingly, not even an unreasonable understanding of Sofregen's communications can explain Plaintiff's two-month abeyance. *See Nansamba v. North Shore Med. Ctr.*, 727 F.3d 33, 38 (1st Cir. 2013) ("unilateral assumptions about the meaning of correspondence, without more, are insufficient to excuse neglect."). Certainly, Plaintiff's inaction cannot subsequently be blamed on Sofregen when Sofregen clearly represented that it sought to dismiss all claims against it.

Upon facing the unavoidable consequence of dismissal, Plaintiff concedes that at least part of the reason for her failure to file was "due to attorney office mistake[.]" (Pl.'s Memo, at p. 2). Plaintiff's thin rationale does not meet the excusable neglect standard. *See Pinero Schroeder v. FNMA*, 574 F.2d 1117, 1118 (1st Cir. 1978) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."). The First Circuit, as set forth above, has repeatedly found this type of error to be inadequate to support a determination of excusable neglect within the meaning of Fed. R. Civ. P. 60(b)(1). *See Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016). With no justifiable basis to assert that Sofregen agreed to stay, suspend, or withdraw its motion to dismiss before the Court's adjudication on April 8, 2019, Plaintiff's inaction was due to her own error and Plaintiff's motion to vacate the order of dismissal must be denied.[5]

## III.   PLAINTIFF FAILS TO MEET THE STANDARD FOR ACTIONS OR CIRCUMSTANCES BEYOND THE PRACTIONER'S CONTROL

The Supreme Court has interpreted Rule 60(b)(6)'s "any other reason justifying relief" as requiring a showing of "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 67 (1st Cir. 2001) (quoting *Pioneer Inv. Servs.*, 507 U.S. at 393). By Plaintiff's own admission, Plaintiff failed to "file a delayed response to extend the time to respond until April 11, 2019" in part "due to attorney office mistake[.]" (Pl.'s Memo, at p. 2). As Plaintiff acknowledges some level of blame, the present circumstances do not fall within the ambit of preventing "manifest injustice"

---

[5] "The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings." *de la Torre*, 15 F.3d at 15. Therefore, Plaintiff cannot rely on its negotiations with Allergan to excuse its lack of response to Sofregen's motion to dismiss. (Pl.'s Memo, at p. 3). Sofregen was not privy to these communications and was not involved in any discussions of settlement with Plaintiff's counsel. (04/23/19 Miller Decl., at ¶ 17). In fact, prior to Plaintiff's filing, Sofregen was unaware that Plaintiff and Allergan were conducting settlement negotiations. (04/23/19 Miller Decl., at ¶ 17). Accordingly, "there was no reason for [Plaintiff] to assume that the deadline was extended and that they were relieved of the need to oppose [Sofregen's] motion." *Skrabec v. Town of No. Attleboro*, 878 F.3d 5, 10 (1st Cir. 2017).

considered by Fed. R. Civ. P. 60(b)(6). *See, e.g.*, *Fleming v. Fidelity Mgmt. Trust Co.*, No. 16-cv-10918 (ADB), 2018 WL 2089354, at *4 (D. Mass. May 3, 2018).

Plaintiff cannot meet her burden under Fed. R. Civ. P. 60(b). Even with the benefit of the arguments contained within her motion to vacate, Plaintiff's underlying claims lack merit and the Court's order of dismissal was proper. Additionally, Plaintiff cannot establish either the necessary "excusable neglect" of Rule 60(b)(1) or the "extraordinary circumstances" of Rule 60(b)(6). As Plaintiff failed to satisfy the meritorious defense prerequisite or any of the enumerated grounds of Fed. R. Civ. P. 60(b), Plaintiff's motion to vacate should be denied.

## ARGUMENT IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

After being afforded multiple opportunities to respond to Sofregen's arguments for dismissal of Plaintiff's first amended complaint, Plaintiff failed to do so. Now, upon no newly discovered facts, and without any justification for her delay, Plaintiff proposes a slew of unsupported and irrelevant amendments to frustrate this Court's judgment. However, as the amendments are not based on any newly discovered facts, Plaintiff is still unable to overcome her failure to plead an exception to Sofregen's corporate successorship immunity or all elements of her claim of fraudulent concealment. Because Plaintiff's proposed amendments are futile and serve no legitimate purpose, this Court should deny Plaintiff's Rule 25(a)(2) motion for leave.

## I.    RULE 15(a) STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, an amendment should be denied where "nothing contained therein could cure the deficiencies of [the] original complaint." *Bricker v. Crane*, 468 F.2d 1228, 1233 (1st Cir. 1972); *see also Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989). Indeed, "[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Berrard v. Town of Millville*,

113 F. Supp. 2d 197, 203-04 (D. Mass. 2000) (quoting *Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998)) (internal quotations omitted). A party's proposed amended complaint should be denied as futile if it fails to satisfy Federal Rule of Civil Procedure 12(b)(6). See *Hatch v. Dep't for Children*, 274 F.3d 12, 19 (1st Cir. 2001) (A motion to amend should be denied as futile, unless "the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.").

## II.   PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT FAILS TO ALLEGE AN EXCEPTION TO CORPORATE SUCCESSORSHIP IMMUNITY

Plaintiff's proposed second amended complaint fails to allege any of the four common-law exceptions to the rule barring liability for successor corporation:

> (1) the purchaser expressly or impliedly assumes such obligations; (2) the transaction amounts to a consolidation or merger of the seller into the purchaser; (3) the purchaser is merely a continuation of the seller; or (4) the transaction has been entered fraudulently.

*Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 540 (D. Del. 1988); *see also Knapp v. North American Rockwell Corp.*, 506 F.2d 361, 363-64 (3d Cir. 1974).

Plaintiff admits that she cannot allege any exceptions. (Pl.'s Memo, at p. 14). Despite this deficiency, Plaintiff's proposed amendments seek to obfuscate the issue adding irrelevant allegations. (Plaintiff's Proposed Second Amended Complaint ("SAC"), at ¶ 65-69, 127-128). Plaintiff's now pleads that the doctrine of corporate successorship immunity is pierced because Sofregen "knew or should have known that the SERI Scaffold Surgical Mesh was not safe or suitable for the patients in which it was implanted[.]" (SAC, at ¶ 65). Even if Plaintiff's proposed amendment is assumed true, such an allegation is immaterial to any of the four clearly defined exceptions. Any alleged knowledge regarding the efficacy of SERI® does not change Plaintiff's failure to plead: (1) express or implicit assumption of liability, (2) *de facto* merger, (3) mere continuations, or (4) fraudulent transfer. Accordingly, Plaintiff's proposed second amended

complaint still fails to plausibly allege any relationship between Sofregen and Plaintiff prior to Sofregen's purchase of SERI® in 2016 or that one of the four exceptions are met. Therefore, Plaintiff has wholly failed to propose amendments that would entitle Plaintiff to relief and the motion to amend should be denied as futile. *See Hatch*, 274 F.3d at 19.

## III.   PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT FAILS TO ALLEGE ALL ELEMENTS OF FRAUDULANT CONCEALMENT

Claims subject to Federal Rule 9(b), must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). At a minimum, the complaint must identify "the who, what, where, and when of the allegedly false or fraudulent representation.'" *Rodi v. Southern New England School of Law*, 389 F.3d 5, 15 (1st Cir. 2004) (quoting *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004)). Here, the proposed Second Amended Complaint is devoid of the specifics of fraud as to Sofregen during the period in which Plaintiff's alleged injuries occurred. Plaintiff's proposed second amended complaint is not saved merely because it references unidentified documents prior to Sofregen's acquisition of SERI®. (SAC, at ¶ 127). Such assertions still fail to identify critical facts such as the subject and context of the alleged misrepresentation. *See Rodi*, 389 at 15.  Even if such statements could suffice, Plaintiff still fails to aver the elements of causation and reliance. *See Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010) ("consequent injury by the party acting in reliance on the representation" is an essential element of a fraud claim). Accordingly, Plaintiff fails to satisfy Federal Rule 9(b)'s heightened pleading requirements, and her motion to amend should be denied as futile.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, and for the reasons set forth in Sofregen's

motion to dismiss and accompanying memorandum of law, Sofregen respectfully requests that this

Court deny Plaintiff's motion to vacate and motion to amend.

Respectfully submitted,

SOFREGEN MEDICAL, INC.,

By its Attorneys,

/s/ Shea A. Miller
Ellen Epstein Cohen (BBO# 543136)
ecohen@adlercohen.com
Ian Keefe (BBO# 680156)
ikeefe@adlercohen.com
Shea A. Miller (BBO# 699326)
smiller@adlercohen.com
Adler │ Cohen │ Harvey │ Wakeman │ Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674

Dated: April 24, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that above document was filed through ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 24, 2019.

/s/ Shea A. Miller
Shea A. Miller