UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GIANNA KRSTIC                    )
                                 )
        Plaintiff,               )
    v.                           )    CIVIL ACTION
                                 )    NO.  18-11585-NMG
SOFREGEN MEDICAL INC. and        )
ALLERGAN, INC.                   )
                                 )
        Defendants.              )
```

# REPORT AND RECOMMENDATION ON PLAINTIFF'S
# MOTION TO VACATE AND MOTION FOR LEAVE TO AMEND

May 9, 2019

DEIN, U.S.M.J.

This matter is before the court on the "Plaintiff's Motion to Alter, Amend and Vacate the Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(1), (6) and Motion for Leave to Amend the Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2)" (Docket No. 15). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1.  The parties agree that the plaintiff's First Amended Complaint (Docket No. 6-1) is the operative complaint.

2.  Under Fed. R. Civ. P. 60(b)(1), the court may grant relief from a final judgment or order due to mistake.  In the instant case, after granting Sofregen's motion to dismiss, the court entered an order of dismissal of the action.  Because Allergan never filed a motion to dismiss and did not otherwise respond to the plaintiff's complaint, it should not have been dismissed

from this action. Thus, this court recommends to the District Judge to whom this case is assigned that the plaintiff's motion to vacate the dismissal be ALLOWED as to Allergan, pursuant to Rule 60(b)(1).

3.  It is undisputed that the parties were engaged in discussions about the exchange of documentation during the pendency of Sofregen's motion to dismiss. During the course of these discussions, Sofregen agreed not to oppose the plaintiff's motion for an extension of time to respond to Sofregen's motion, with the expectation that the plaintiff's motion would be filed within days. Due to an internal mix-up, plaintiff's counsel did not file the motion when expected. Approximately one week later, the court allowed Sofregen's motion to dismiss, seemingly because the motion had gone unopposed. Thus, no decision has been rendered in this case on the merits of the parties' substantive arguments.

This court concludes that the parties have raised significant issues that should be substantively addressed. Moreover, this court finds that Sofregen will not be prejudiced if the dismissal is vacated. Sofregen had been engaged with the plaintiff in discussions about the exchange of documents while the motion to dismiss was pending, and expected that the plaintiff would file an opposition to the motion to dismiss and that the issues raised would be addressed on the merits. Counsel's mistake should not deprive the plaintiff of an opportunity to present her arguments in opposition to Sofregen's motion to dismiss. Accordingly, this court recommends to the District Judge to whom this case is assigned that the plaintiff's motion to vacate the dismissal similarly be ALLOWED as to Sofregen pursuant to Fed. R. Civ. P. 60(b)(1) and (6).

4.      Under Fed. R. Civ. P. 15(a), a plaintiff is permitted to amend a complaint once as a matter of course within a certain time period, and thereafter may only amend the complaint "with the opposing party's written consent or the court's leave," provided that the court should freely give leave "when justice so requires."  The plaintiff is now seeking leave to file a second amended complaint, which Sofregen opposes on the grounds of futility.  The parties agree that the issues have been fully briefed in connection with Sofregen's original motion to dismiss and the instant motion.  If, as recommended herein, the dismissal is vacated, this court shall address the merits of the plaintiff's motion for leave to amend.

        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge